Hannah Stone, Esq.
Alyssa L. Campbell, Esq.
MILODRAGOVICH, DALE &
    STEINBRENNER, P.C.
620 High Park Way ▪ P.O. Box 4947
Missoula, MT 59806-4947
hstone@bigskylawyers.com;
acampbell@bigskylawyers.com

*Attorneys for Defendants-Intervenors
    Sportsmen's Alliance Foundation,
    Safari Club International, and Rocky
    Mountain Elk Foundation*

Michael T. Jean
SPORTSMEN'S ALLIANCE FOUNDATION
801 Kingsmill Parkway
Columbus, OH 43299
mjean@sportsmensalliance.org

*Attorney for Defendant-Intervenor-
    Sportsmen's Alliance Foundation*

Regina Lennox
SAFARI CLUB INTERNATIONAL
501 2nd Street NE
Washington, DC 20002
rlennox@safariclub.org

*Attorney for Defendant-Intervenor Safari
    Club International*

James H. Lister
BIRCH HORTON BITTNER & CHEROT
1100 Connecticut Ave NW, Ste. 825
Washington, DC 20036
jlister@dc.bhb.com

*Attorney for Defendant-Intervenor Rocky
    Mountain Elk Foundation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al<br><br>Plaintiffs,<br><br>and<br><br>WESTERN WATERSHEDS PROJECT, et al,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE, et al.,<br><br>Defendants,<br><br>and<br><br>SPORTSMEN'S ALLIANCE FOUNDATION, SAFARI CLUB INTERNATIONAL, and ROCKY MOUNTAIN ELK FOUNDATION,<br><br>Defendants-Intervenors. | **Lead Case<br>9:24-cv-00086-DWM**<br><br>Member Case<br>9:24-cv-00087-DWM<br><br><br><br>**PROPOSED DEFENDANTS-INTERVENORS'** ***PROPOSED*** **ANSWER TO PLAINTIFFS CENTER FOR BIOLOGICAL DIVERSITY, ET AL'S COMPLAINT IN LEAD CASE** |

COMES NOW, Defendants-Intervenors Sportsmen's Alliance Foundation, Safari Club International, and Rocky Mountain Elk Foundation (collectively "Hunting Intervenors"), respectfully answer and assert defenses to the allegations and claims contained in the Complaint filed by Plaintiffs Center for Biological Diversity, the Humane Society of the United States, Humane Society Legislative Fund, and Sierra Club (collectively "Plaintiffs") (Doc. 1), and answer each numbered paragraph as follows.

## INTRODUCTION

1. Hunting Intervenors admit that Plaintiffs filed their Complaint, and otherwise deny the allegations in paragraph 1.

2. Hunting Intervenors deny the allegations in paragraph 2, except admit that gray wolves in Idaho, Montana, Wyoming, the eastern thirds of Oregon and Washington, and a small piece of Utah (the "Northern Rocky Mountains" or "NRM") have been removed from the Endangered Species Act ("ESA") lists ("delisted").

3. Hunting Intervenors deny the allegations in paragraph 3, except admit that wolves were reintroduced into Yellowstone National Park and Central Idaho/Salmon River Mountains in 1995 and 1996.

4. Hunting Intervenors deny the allegations in paragraph 4.

5. Hunting Intervenors deny the allegations in paragraph 5.

6. Hunting Intervenors deny the allegations in paragraph 6, except admit that Plaintiffs submitted a petition to relist wolves in the NRM, which speaks for

itself and is the best evidence of its content. Hunting Intervenors specifically deny that this petition represents or contains the best available science or that the petitioned-for action is warranted.

7.      Hunting Intervenors deny the allegations in paragraph 7, except admit that the U.S. Fish and Wildlife Service (the "Service") denied Plaintiffs' petition in a finding published at 89 Fed. Reg. 8391 (Feb. 7, 2024). That document speaks for itself and is the best evidence of its content.

8.      Hunting Intervenors deny the allegations in paragraph 8.

9.      Hunting Intervenors deny the allegations in paragraph 9 and specifically deny that the Service's actions have violated the ESA or that Plaintiffs are entitled to any relief.

## JURISDICTION

10.      The allegations in paragraph 10 are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 10 are denied and Hunting Intervenors specifically deny that this Court has jurisdiction over Plaintiffs' claims.

11.      The allegations in paragraph 11 are conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 11 are denied and Hunting Intervenors specifically deny that this Court has jurisdiction over Plaintiffs' claims.

//

12.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 12 and deny them for that reason.

13.     Hunting Intervenors deny the allegations in paragraph 13.

14.     Hunting Intervenors deny the allegations in paragraph 14.

## VENUE

15.      The allegations in the first sentence of paragraph 15 are conclusions of law to which no response is required. Hunting Intervenors deny the allegations to the extent they characterize the statutes and draw legal conclusions Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in the third sentence of paragraph 15 and deny them for that reason. Hunting Intervenors deny the remaining allegations in paragraph 15.

16.     Hunting Intervenors deny the allegations in paragraph 16.

## PARTIES

*Plaintiffs*

17.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in the first, second, and last sentences in paragraph 17 and deny them for that reason. Hunting Intervenors deny the allegations in the third sentence of paragraph 17.

18.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in the first through fourth and final

sentences of paragraph 18 and deny them for that reason. Hunting Intervenors deny the allegations in the fifth, sixth, and seventh sentences of paragraph 17.

19.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in the first through fourth and final sentences of paragraph 19 and deny them for that reason. Hunting Intervenors deny the allegations in the fifth sentence of paragraph 17.

20.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 20 and deny them for that reason.

21.     Hunting Intervenors deny the allegations in paragraph 21.

22.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 22 and deny them for that reason. Hunting Intervenors specifically deny that any of Plaintiffs' members have standing to assert the claims in the Complaint.

23.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 23 and deny them for that reason. Hunting Intervenors specifically deny that any of Plaintiffs' members have standing to assert the claims in the Complaint.

24.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 24 and deny them for that

//

reason. Hunting Intervenors specifically deny that any of Plaintiffs' members have standing to assert the claims in the Complaint.

25.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 25 and deny them for that reason. Hunting Intervenors specifically deny that any of Plaintiffs' members have standing to assert the claims in the Complaint.

26.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 26 and deny them for that reason. Hunting Intervenors specifically deny that any of Plaintiffs' members have standing to assert the claims in the Complaint.

27.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 27 and deny them for that reason. Hunting Intervenors specifically deny that any of Plaintiffs' members have standing to assert the claims in the Complaint.

28.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 28 and deny them for that reason. Hunting Intervenors specifically deny that any of Plaintiffs' members have standing to assert the claims in the Complaint.

29.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 29 and deny them for that reason. Hunting Intervenors specifically deny that any of Plaintiffs' members have

standing to assert the claims in the Complaint or that wolves in the NRM "lack federal ESA protections," as ESA listing is unnecessary because wolves in the NRM have recovered.

30.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 30 and deny them for that reason. Hunting Intervenors specifically deny that any of Plaintiffs' members have standing to assert the claims in the Complaint or that wolves in the NRM require ESA protections, as ESA listing is unnecessary because wolves in the NRM have recovered.

31.     Hunting Intervenors deny the allegations in paragraph 31 and specifically deny that wolves in the NRM require ESA protections, as ESA listing is unnecessary because wolves in the NRM have recovered.

32.     Hunting Intervenors deny the allegations in paragraph 32 and specifically deny that wolves in the NRM require ESA protections, as ESA listing is unnecessary because wolves in the NRM have recovered.

33.     Hunting Intervenors deny the allegations in paragraph 33 and specifically deny that wolves in the NRM require ESA protections, as ESA listing is unnecessary because wolves in the NRM have recovered.

34.     Hunting Intervenors deny the allegations in paragraph 34 and specifically deny that Plaintiffs have standing to assert the claims in their Complaint.

//

35.     Hunting Intervenors deny the allegations in paragraph 35 and specifically deny that Plaintiffs have standing to assert the claims in their Complaint.

**Defendants**

36.     Hunting Intervenors admit the allegations in paragraph 36.

37.     Hunting Intervenors admit the allegations in the first sentence of paragraph 37. Hunting Intervenors deny the remaining allegations in paragraph 37 to the extent they characterize and draw legal conclusions.

38.     Hunting Intervenors admit the allegations in paragraph 38.

## LEGAL BACKGROUND

**Endangered Species Act – Purpose, Listings, and Protections**

39.     The allegations in paragraph 39 quote or characterize a case and the ESA, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 39 to the extent they characterize and draw legal conclusions regarding these authorities.

40.     The allegations in paragraph 40 characterize the ESA and a Senate Report, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 40 to the extent they characterize and draw legal conclusions regarding these authorities.

41.     The allegations in paragraph 41 quote or characterize the ESA, which speaks for itself and is the best evidence of its content. Hunting Intervenors admit that the ESA defines both endangered species and threatened species, but deny the

allegations in paragraph 41 to the extent they characterize and draw legal conclusions regarding the ESA.

42.     The allegations in the first two sentences of paragraph 42 characterize the ESA and the Service's Distinct Population Segment ("DPS") policy, published at 61 Fed. Reg. 4722 (Feb. 7, 1996), which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in the first two sentences of paragraph 42 to the extent they characterize and draw legal conclusions regarding these authorities. Hunting Intervenors deny the allegations in the final sentence of paragraph 42.

43.     The allegations in paragraph 43 characterize the ESA and the Service's Significant Portion of Its Range ("SPR") Policy, published at 79 Fed. Reg. 37578 (July 1, 2014), which speak for itself and are the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 43 to the extent they characterize and draw legal conclusions regarding that policy authorities.

44.     The allegations in paragraph 44 characterize the SPR Policy and a case, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 44 to the extent they characterize and draw legal conclusions regarding these authorities.

45.     The allegations in paragraph 45 characterize several cases, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny

//

the allegations in paragraph 45 to the extent they characterize and draw legal conclusions regarding these authorities.

46.     The allegations in paragraph 46 quote or characterize the SPR Policy and a case, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 46 to the extent they characterize and draw legal conclusions regarding these authorities.

47.     The allegations in paragraph 47 characterize ESA implementing regulations, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 47 to the extent they characterize and draw legal conclusions regarding these authorities.

48.     The allegations in paragraph 48 characterize the ESA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 48 to the extent they characterize and draw legal conclusions regarding the ESA.

49.     Hunting Intervenors deny the allegations in paragraph 49.

50.     The allegations in paragraph 50 quote or characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 50 to the extent they characterize and draw legal conclusions regarding these authorities.

51.     Hunting Intervenors deny the allegations in paragraph 51.

52.     Hunting Intervenors deny the allegations in paragraph 52.

53.     Hunting Intervenors deny the allegations in the first sentence of paragraph 53. The allegations in the remainder of paragraph 53 characterize the ESA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 53 to the extent they characterize and draw legal conclusions regarding the ESA Sections 4 and 7.

54.     Hunting Intervenors deny the allegations in paragraph 54.

55.     Hunting Intervenors deny the allegations in paragraph 55 to the extent they characterize and draw legal conclusions.

### *Endangered Species Act – Listing Petitions*

56.     The allegations in paragraph 56 characterize the ESA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 56 to the extent they characterize and draw legal conclusions regarding the ESA.

57.     Hunting Intervenors deny the allegations in paragraph 57.

58.     The allegations in paragraph 58 characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 58 to the extent they characterize and draw legal conclusions regarding these authorities.

59.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 59 and deny them for that reason.

60.     The allegations in paragraph 60 characterize the ESA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 60 to the extent they characterize and draw legal conclusions regarding the ESA.

61.     The allegations in paragraph 61 characterize the ESA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 61 to the extent they characterize and draw legal conclusions regarding the ESA.

*Administrative Procedure Act*

62.     The allegations in paragraph 62 quote or characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 62 to the extent they characterize and draw legal conclusions regarding the APA.

63.     The allegations in paragraph 63 characterize the ESA and APA, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 63 to the extent they characterize and draw legal conclusions regarding these authorities.

64.     The allegations in paragraph 64 characterize certain cases, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 64 to the extent they characterize and draw legal

//

conclusions regarding these authorities, and specifically deny that the Service "fail[ed] … to utilize the best available science."

## FACTUAL BACKGROUND

### *Gray Wolf Ecology and History of Persecution*

65.    Hunting Intervenors deny the allegations in paragraph 65.

66.    Hunting Intervenors admit the allegations in the first sentence of paragraph 66. Hunting Intervenors deny the remaining allegations in paragraph 66.

67.    Hunting Intervenors deny the allegations in paragraph 67.

68.    Hunting Intervenors deny the allegations in paragraph 68.

69.    Hunting Intervenors deny the allegations in paragraph 69, except admit that gray wolf populations inhabit the NRM, West Coast of the United States, Great Lakes States, a number of states in between (in smaller numbers), as well as Canada and Alaska by the tens of thousands.

### *Legal Status of Gray Wolves in the Western United States*

70.    The allegations in paragraph 70 characterize a 2009 rule published at 74 Fed. Reg. 15123 (Apr. 2, 2009) ("2009 rule"), which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 70 to the extent they characterize and draw legal conclusions regarding the 2009 rule. Hunting Intervenors admit that the Service delisted wolves in Idaho, Montana, and parts of Oregon, Utah, and Washington in 2009, due to the fact these wolves had exceeded recovery goals almost immediately following reintroduction.

71.     The allegations in paragraph 71 characterize certain legal authorities, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 71 to the extent they characterize and draw legal conclusions regarding these authorities. Hunting Intervenors admit that in 2011, Congress passed a law that affirmed the Service's science-based decision-making to delist NRM gray wolves (except in Wyoming), in Pub. L. 112-10. Hunting Intervenors deny that "Wolves in Wyoming then later lost their federal protections;" Wyoming's wolves were delisted by the Service a number of years after wolves in Montan, Idaho, and adjoining areas were delisted.

72.     Hunting Intervenors deny the allegations in paragraph 72, except admit that following delisting, the NRM States (except Wyoming) re-assumed their natural and legal role as *parens patraie* of wildlife within their borders.

73.     Hunting Intervenors admit the allegations in paragraph 73 and confirm that wolves occur throughout the Western U.S., because wolf populations are abundant and adaptable.

74.     Hunting Intervenors deny the allegations in paragraph 74.

### Threats to Gray Wolves in the Western United States

75.     The allegations in the first sentence of paragraph 75 characterize the 2009 rule, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in the first sentence of paragraph 75 to the extent they characterize and draw legal conclusions regarding the 2009 rule. Hunting

Intervenors admit the allegations in the second sentence of paragraph 75. Human-caused mortality can help manage wolf populations. But the level of offtake must be very high -- typically, over 40%. Hunting Intervenors deny the remaining allegations in paragraph 75.

76.     Hunting Intervenors admit the allegations in the first and second sentences of paragraph 76. Hunting Intervenors deny the remaining allegations in paragraph 76.

77.     Hunting Intervenors deny the allegations in paragraph 77.

78.     The allegations in paragraph 78 characterize Idaho law and the 2023-2028 Idaho Gray Wolf Management Plan, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 78 to the extent they characterize and draw legal conclusions regarding these authorities, and specifically deny the allegations in the last sentence of paragraph 78.

79.     The allegations in paragraph 79 characterize Montana law and the Montana Gray Wolf Conservation and Management Plan 2023, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 79 to the extent they characterize and draw legal conclusions regarding these authorities, and specifically deny the allegations in the last sentence of paragraph 79.

//

//

80.     Hunting Intervenors deny the allegations in the first sentence of paragraph 80. Hunting Intervenors admit the allegations in the second sentence of paragraph 80.

81.     Hunting Intervenors deny the allegations in paragraph 81.

82.     Hunting Intervenors admit that wolves are hunted, trapped, and killed through depredation control in the NRM. Hunting Intervenors deny any allegation that this offtake is unmanaged or threatens the long-term viability of those wolf populations. The remaining allegations in paragraph 82 characterize a document prepared by the Service, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 82 to the extent they characterize and draw legal conclusions regarding this document.

83.     Hunting Intervenors deny the allegations in the first sentence of paragraph 83. Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in the second and third sentences of paragraph 83 and deny them for that reason. Hunting Intervenors deny the allegations in the fourth sentence of paragraph 83. The allegations in the fifth and sixth sentences of paragraph 83 characterize the rule published at 88 Fed. Reg. 77014 (Nov. 8, 2023), which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in the fifth and sixth sentences of paragraph 78 to the extent they characterize and draw legal conclusions regarding this rule. Hunting Intervenors lack

//

sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 83 and deny them for that reason.

84.     Hunting Intervenors deny the allegations in paragraph 84.

85.     Hunting Intervenors deny the allegations in paragraph 85.

***Listing Petition, Initial Response, and "Not Warranted" Finding***

86.     Hunting Intervenors deny the allegations in paragraph 86, except admit that Plaintiffs submitted a petition to the Service. That document speaks for itself and is the best evidence of its content. Hunting Intervenors specifically deny that this petition represents or contains the best available science or that the petitioned-for action is warranted.

87.     The allegations in paragraph 87 quote or characterize the finding published at 86 Fed. Reg. 51857 (Sept. 17, 2021), which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 87 to the extent they characterize and draw legal conclusions regarding this finding.

88.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 88 and deny them for that reason.

89.     Hunting Intervenors admit that the Service published a finding at 89 Fed. Reg. 8391 (Feb. 7, 2024) ("2024 finding"), and the docket associated with this finding includes a Species Assessment and Listing Priority Assignment Form (Jan. 4, 2024) ("Species Assessment Form") and a Species Status Assessment for the Gray

Wolf (*Canis lupus*) in the Western United States (Dec. 22, 2023) ("SSA"). Hunting Intervenors otherwise lack sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 89 and deny them for that reason.

90.     The allegations in paragraph 90 and its footnote characterize the 2024 finding, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 90 and its footnote to the extent they characterize and draw legal conclusions regarding the 2024 finding.

91.     The allegations in paragraph 91 characterize the 2024 finding, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 91 to the extent they characterize and draw legal conclusions regarding the 2024 finding, but admit that the Service found the action requested in Plaintiffs' petition to be "not warranted."

92.     Hunting Intervenors admit the allegations in the first sentence of paragraph 92. Hunting Intervenors deny the allegations in the second sentence of paragraph 92 except admit that wolves outside the NRM States are listed as "endangered" under the ESA. Hunting Intervenors specifically deny that wolves in the NRM require "ESA protections," as ESA listing is unnecessary because wolves in the NRM have recovered.

**Scientific Evidence Demonstrates the Imperiled Status of Gray Wolves in the Western U.S.**

93.     Hunting Intervenors deny the allegations in paragraph 93.

94.     Hunting Intervenors deny the allegations in the first two sentences of paragraph 94. The allegations in the third, fourth, and final sentences of paragraph 94 characterize Crabtree et al. (2023), which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 94 to the extent they characterize and draw legal conclusions regarding Crabtree et al. (2023). Hunting Intervenors deny the remaining allegations in paragraph 94 and specifically deny the allegations in paragraph 94 that iPOM estimates are biased or inaccurate. As stated in Montana's 2023 wolf management plan, "iPOM is a modern, scientifically peer-reviewed, and cost-effective means of monitoring wolves, and is the most efficient method to document wolf population numbers and trends accurately across the distribution of wolves in Montana (Sells et al. 2020, Sells et al. 2021, Sells et al. 2022a, Sells et al. 2022b) …." Hunting Intervenors specifically deny that Crabtree et al. (2023) represents the best available science.

95.     The allegations in paragraph 95 characterize certain the 2024 finding, Species Assessment Form, and SSA, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 95 to the extent they characterize and draw legal conclusions regarding these documents. Hunting Intervenors specifically deny that Crabtree et al. (2023) represents the best available science.

96.     Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 96 and deny for that reason.

97.     The allegations in the last sentence of paragraph 97 characterize Frankham et al. (2014), which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 97 to the extent they characterize and draw legal conclusions regarding Frankham et al. (2014). Hunting Intervenors specifically deny that Frankham et al. (2014) represents the best available science. Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 97 and deny them for that reason.

98.     Hunting Intervenors deny the allegations in the first sentence of paragraph 98. Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in paragraph 98 and deny them for that reason.

99.     The allegations in paragraph 99 characterize vonHoldt et al (2023), which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 99 to the extent they characterize and draw legal conclusions regarding vonHoldt et al. (2023). Hunting Intervenors specifically deny that vonHoldt et al. (2023) represents the best available science.

100.    The allegations in paragraph 100 characterize vonHoldt et al. (2023), which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 100 to the extent they characterize and draw legal

//

conclusions regarding vonHoldt et al. (2023). Hunting Intervenors specifically deny that vonHoldt et al. (2023) represents the best available science.

101.   The allegations in paragraph 101 characterize vonHoldt et al. (2023), which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 101 to the extent they characterize and draw legal conclusions regarding vonHoldt et al. (2023). Hunting Intervenors specifically deny that vonHoldt et al. (2023) represents the best available science.

102.   Hunting Intervenors lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 102 and deny them for that reason. To the extent the allegations in paragraph 102 characterize a submission to the Service, that document speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 102 to the extent they characterize and draw legal conclusions regarding this document. Hunting Intervenors specifically deny that vonHoldt et al. (2023) represents the best available science.

103.   The allegations in paragraph 103 characterize the 2024 finding, Species Assessment Form, and SSA, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 103 to the extent they characterize and draw legal conclusions regarding these documents. Hunting Intervenors specifically deny that vonHoldt et al. (2023) represents the best available science.

104.   The allegations in the first sentence of paragraph 104 characterize the 2009 rule, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in the first sentence of paragraph 104 to the extent they characterize and draw legal conclusions regarding the 2009 rule. Hunting Intervenors deny the remaining allegations in paragraph 104 and specifically.

105.   Hunting Intervenors deny the allegations in paragraph 105.

### The Service's Faulty Justifications for Its "Not Warranted" Finding

106.   Hunting Intervenors admit the allegations in paragraph 106.

107.   The allegations in paragraph 107 characterize the 2024 finding, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 107 to the extent they characterize and draw legal conclusions regarding the 2024 finding.

108.   The allegations in paragraph 108 characterize the 2024 finding, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 108 to the extent they characterize and draw legal conclusions regarding the 2024 finding.

109.   The allegations in the first two sentences of paragraph 109 characterize the SSA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 109 to the extent they characterize and draw legal conclusions regarding the SSA. Hunting Intervenors deny the remaining allegations in paragraph 109.

110.    The allegations in paragraph 110 and its footnote characterize the SSA and Species Assessment Form, which speak for themselves and are the best evidence of their content. Hunting Intervenors deny the allegations in paragraph 110 and its footnote to the extent they characterize and draw legal conclusions regarding these documents.

111.    The allegations in paragraph 110 characterize the SSA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 110 to the extent they characterize and draw legal conclusions regarding the SSA.

112.    Hunting Intervenors deny the allegations in paragraph 112.

113.    The allegations in paragraph 113 characterize the SSA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 113 to the extent they characterize and draw legal conclusions regarding the SSA.

114.    The allegations in paragraph 114 characterize the SSA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 114 to the extent they characterize and draw legal conclusions regarding the SSA.

115.    Hunting Intervenors deny the allegations in paragraph 115.

116.    Hunting Intervenors deny the allegations in paragraph 116.

117.    Hunting Intervenors deny the allegations in paragraph 117.

118.   Hunting Intervenors deny the allegations in paragraph 118.

119.   Hunting Intervenors deny the allegations in paragraph 119.

120.   Hunting Intervenors deny the allegations in paragraph 120.

121.   The allegations in paragraph 121 characterize the Species Assessment Form, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 121 to the extent they characterize and draw legal conclusions regarding the Species Assessment Form.

122.   Hunting Intervenors deny the allegations paragraph 122.

123.   Hunting Intervenors deny the allegations in the first two sentences of paragraph 123. The remaining allegations in paragraph 123 characterize the Species Assessment Form, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the remaining allegations in paragraph 123 to the extent they characterize and draw legal conclusions regarding the Species Assessment Form.

124.   The allegations in the first and last sentences in paragraph 124 characterize the Species Assessment Form, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in the first and third sentences of paragraph 124 to the extent they characterize and draw legal conclusions regarding the Species Assessment Form. Hunting Intervenors deny the remaining allegations in paragraph 124.

//

125.   The allegations in paragraph 125 characterize the SSA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 125 to the extent they characterize and draw legal conclusions regarding the SSA.

126.   Hunting Intervenors deny the allegations in paragraph 126.

127.   Hunting Intervenors deny the allegations in paragraph 127.

128.   The allegations in paragraph 128 characterize the SSA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 128 to the extent they characterize and draw legal conclusions regarding the SSA.

129.   Hunting Intervenors deny the allegations in paragraph 129.

130.   The allegations in paragraph 130 characterize the SSA, which speaks for itself and is the best evidence of its content. Hunting Intervenors deny the allegations in paragraph 130 to the extent they characterize and draw legal conclusions regarding the SSA.

### CLAIM FOR RELIEF
**Violations of the ESA and the APA in Determining that Listing the Gray Wolf in the Western U.S. is "Not Warranted" as an Endangered or Threatened "Distinct Population Segment"**

131.   Hunting Intervenors incorporate their answers to all of the proceeding paragraphs.

132.   Hunting Intervenors deny the allegations in paragraph 132.

*The Service's Analysis of the Status of Wolves in the Northern Rocky Mountains Ignores the Best Available Science and Relies on Faulty Assumptions*

133.   Hunting Intervenors deny the allegations in paragraph 133.

134.   Hunting Intervenors deny the allegations in paragraph 134.

135.   Hunting Intervenors deny the allegations in paragraph 135.

136.   Hunting Intervenors deny the allegations in paragraph 136.

137.   Hunting Intervenors deny the allegations in paragraph 137.

138.   Hunting Intervenors deny the allegations in paragraph 138.

139.   Hunting Intervenors deny the allegations in paragraph 139.

140.   Hunting Intervenors deny the allegations in paragraph 140.

141.   Hunting Intervenors deny the allegations in paragraph 141.

142.   Hunting Intervenors deny the allegations in paragraph 142.

*The Service's Analysis for Wolves in "Significant Portions" Outside the Northern Rocky Mountains is Arbitrary and Capricious*

143.   Hunting Intervenors deny the allegations in paragraph 143.

144.   Hunting Intervenors deny the allegations in paragraph 144.

145.   Hunting Intervenors deny the allegations in paragraph 145.

146.   Hunting Intervenors deny the allegations in paragraph 146.

147.   Hunting Intervenors deny the allegations in paragraph 147.

148.   Hunting Intervenors deny the allegations in paragraph 148.

149.   Hunting Intervenors deny the allegations in paragraph 149.

150.   Hunting Intervenors deny the allegations in paragraph 150.

151.   Hunting Intervenors deny the allegations in paragraph 151.

***The Service's Determination that Wolves in "All" of the Western DPS Are Not Threatened or Endangered is Arbitrary and Capricious***

152.   Hunting Intervenors deny the allegations in paragraph 152.

153.   Hunting Intervenors deny the allegations in paragraph 153.

154.   Hunting Intervenors deny the allegations in paragraph 154.

155.   Hunting Intervenors deny the allegations in paragraph 155.

156.   Hunting Intervenors deny the allegations in paragraph 156.

157.   Hunting Intervenors deny the allegations in paragraph 157.

158.   Hunting Intervenors deny the allegations in paragraph 158.

## REQUESTS FOR RELIEF

Hunting Intervenors deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Hunting Intervenors deny any allegations contained in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified in this Answer. To the extent that Hunting Intervenors have failed to respond to any allegation in the Complaint, Hunting Intervenors denies those allegations.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs fail to state a claim for which relief may be granted.

2.   Plaintiffs lack standing to assert one or more of their claims.

3.   This Court lacks jurisdiction over one or more of Plaintiffs' claims.

4.      Plaintiffs have failed to provide proper notice for any claims under the ESA requiring such notice.

5.      One or more of Plaintiffs' claims are not ripe for review.

6.      Plaintiffs' claims are precluded by *Defenders of Wildlife v. Zinke*, 849 F.3d 1077 (D.C. Cir. 2017).

7.      The issues that Plaintiffs raise are precluded by *Defenders of Wildlife v. Zinke*, 849 F.3d 1077 (D.C. Cir. 2017).

Hunting Intervenors reserve the right to assert additional affirmative defenses as they become evident.

DATED this _____ day of July, 2024.

_____*Proposed*_____
*Attorneys for Defendants-Intervenors Sportsmen's Alliance Foundation, Safari Club International, and Rocky Mountain Elk Foundation*