# Exhibit A

MICHAEL BEGLEY (MT BAR # 6559)
KATHY A.F. DAVIS (USB #4022)*
JASON L. DEFOREST (USB #14628)*
Assistant Attorneys General
mbegley@agutah.gov
kathydavis@agutah.gov
jdeforest@agutah.gov

SEAN D. REYES (USB #7969)
Utah Attorney General
5110 State Office Building
P.O. Box 142477
Salt Lake City, UT 84114-2477
(801) 538-9687

*Attorneys for Intervenor-Defendant Applicants
the State of Utah*

*Motion for Pro Hac Vice pending

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al., <br><br> Plaintiffs, <br><br> and <br><br> CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Consolidated Plaintiffs <br><br> v. <br><br> UNITED STATES FISH AND WILDLIFE SERVICE, et al., <br><br> Defendants, <br><br> and <br><br> STATE OF UTAH, <br><br> Proposed Intervenor-Defendant. | **Lead Case** <br> **9:24-cv-00086-DWM** <br><br> **Member Case** <br> **9:24-cv-00087-DWM** <br> **9:24-cv-00097-DWM** <br><br> **ORDER GRANTING STATE OF UTAH'S MOTION TO INTERVENE** |

## ORDER GRANTING STATE OF UTAH'S MOTION TO INTERVENE

Before the Court is a Motion to Intervene filed by the proposed Intervenor-Defendant, State of Utah (sometimes also referred to herein as "the State" or "Utah"). The State seeks to intervene as a defendant as a matter of right or, alternatively, to intervene permissively. FED. R. CIV. P. 24(a), (b).

The Court finds that the State of Utah has met its burden for intervening as a matter of right under Rule 24(a)(2). These four criteria are: (1) the application to intervene must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may, as a practical matter, impair or impede the party's ability to protect that interest; and (4) the party's interest must not be adequately represented by existing parties to the action. FED. R. CIV. P. 24(a). The Court finds that the State has satisfied the criteria for intervening as a matter of right.

In addition, or alternatively, the Court finds that the State should be allowed to intervene permissively under Rule 24(b)(1)(B). Permissive intervention requires "a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Questions of permissive intervention are committed to the district court's discretion. *Cameron v. EMW Women's Surgical Ctr.*, 595 U.S. 267, 278 (2022). In addition to the Court's findings regarding intervention as of right, the Court finds also that Utah has satisfied the requirements of Rule 24(b)(1)(B) and grants Utah's request to intervene permissively.

Based on the foregoing and the record, the Court grants the State of Utah's Motion to

ORDER GRANTING STATE OF UTAH'S MOTION TO INTERVENE – 2

Intervene in this case as a defendant.

**IT IS HEREBY ORDERED:**

1) Utah's Motion to Intervene as of right pursuant to Rule 24(a)(2) is **GRANTED**; and the alternative Motion to Intervene permissively pursuant to Rule 24(b)(1)(B) is also **GRANTED**; and

2) The Proposed Answers attached to Utah's Motion to Intervene shall be filed as the State's Answers to the Complaints in the Lead and Member cases and shall be deemed to have been served on the parties in accordance with this Court's rules.

**SO ORDERED.**

Dated: _____

                                                Donald W. Malloy
                                                United States District Judge