IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>        Plaintiffs,<br><br>and<br><br>WESTERN WATERSHEDS PROJECT, et al.,<br><br>        Consolidated Plaintiffs,<br><br>vs.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE, et al.,<br><br>        Defendants,<br><br>and<br><br>SPORTSMEN'S ALLIANCE FOUNDATION; SAFARI CLUB INTERNATIONAL; ROCKY MOUNTAIN ELK FOUNDATION; STATE OF MONTANA; MONTANA FISH, WILDLIFE AND PARKS; STATE OF UTAH,<br><br>        Defendant-Intervenors. | Lead Case<br>CV 24–86–M–DWM<br><br>Member Cases<br>CV 24–87–M–DWM<br>CV 24–97–M–DWM<br><br><br>ORDER |

    The State of Utah has filed an unopposed motion to intervene as a matter of right in this action pursuant to Federal Rule of Civil Procedure 24(a) or, in the

1

alternative, to intervene at the Court's discretion pursuant to Rule 24(b). (Doc. 40.) A case management order was entered on July 23, 2024. (Doc. 33.)

Intervention as of right under Rule 24(a) is appropriate when the party seeking to intervene demonstrates the following: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the subject of the action; (3) the applicant's ability to protect its interest may be impaired or impeded by the disposition of the action; and (4) the existing parties may not adequately represent the applicant's interest. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Id.* The review of an application to intervene "is guided primarily by practical considerations, not technical distinctions." *Id.* (quotation marks omitted). The practical considerations of this case indicate that intervention as a matter of right is appropriate.

On the first factor, timeliness, considerations include: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 836 (9th Cir. 2022) (quotation marks omitted). Here, the motion to intervene is timely. Although a case management order has been

2

entered, substantive briefing in the case does not begin until January 2025. (*See* Doc. 33 at 3.)

On the second factor, a proposed intervenor must demonstrate that its asserted interest is "protectable under some law" and that "there is a relationship between the legally protected interest and the claims at issue." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (quotation marks omitted). Utah asserts interest rooted in its obligation to manage its wildlife, as well as the fact that since delisting, Utah has been responsible for wolf management within the state. As indicated in the affidavit provided by Justin Shirley, the Director of the Utah Division of Wildlife Resources, Utah has drafted a Statewide Gray Wolf Management Plan that will govern wolf management within the State, but that plan cannot go into effect until the gray wolfs are delisted. (*See* Doc. 41-1 at ¶¶ 24–25.) As part of that Plan, Utah seeks to "maintain separation between gray wolves and Mexican wolves to protect the distinct genetic characteristics of Mexican wolves." (*Id.* ¶ 28.) Additionally, the affidavit from Craig Buttars, the Commissioner of the Utah Department of Agriculture and Food, indicates that a listing decision will directly impact how much money Utah will need to invest in its trapping and predator control programs. (*See* Doc. 41-2 at ¶¶ 5–10.) Commissioner Buttars further states that the wolf population will impact Utah's economy insofar as an increase in that population will lead to loss of livestock to predation. (*See id.* ¶¶

12–13.) Likewise, on the third factor, the disposition of the action may impair or impede Utah's ability to protect its asserted interests. If the gray wolf were relisted, management of the species would largely return to the federal government, removing it from state hands.

Finally, "[t]he burden of showing inadequacy of representation is minimal and satisfied if the applicant can demonstrate that representation of its interests may be inadequate." *W. Watersheds Project*, 22 F.4th at 840 (quotation marks omitted). In determining the adequacy of existing representation, courts consider: "(1) whether the interest of the present party is such that it will undoubtedly make all of the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (internal quotation marks omitted). Here, Utah, as a state, has its own sovereign interests in the status of wolves and wolf management, *see* Utah Code Ann. §§ 23A-2-201(2)(a), -102; neither Federal Defendants nor the Hunting Coalition represent those same interests. Accordingly, Utah satisfies the final criterion under Rule 24(a). Utah is therefore permitted to intervene as of right.

Accordingly, IT IS ORDERED that Utah's motion to intervene, (Doc. 41), is GRANTED. Utah must file its briefing on summary judgment by the "Intervenor-

Defendant" dates outlined in the Case Management Order, (*see* Doc. 33), and that briefing is subject to the word limits imposed by Local Rule 7.1.(d)(2). That briefing should not be duplicative of that of Federal Defendants, the Hunting Coalition, or the State of Montana.

IT IS FURTHER ORDERED that Utah's proposed Answers must be promptly refiled in the appropriate cases. All other filings should be made in the Lead Case and spread to the Member Cases.

IT IS FURTHER ORDERED that the caption shall be amended as reflected above.

DATED this 30th day of October, 2024.

Donald W. Molloy, District Judge
United States District Court