IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>        Plaintiffs,<br><br>and<br><br>WESTERN WATERSHEDS PROJECT, et al.,<br><br>        Consolidated Plaintiffs,<br><br>vs.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE, et al.,<br><br>        Defendants,<br><br>and<br><br>SPORTSMEN'S ALLIANCE FOUNDATION; SAFARI CLUB INTERNATIONAL; ROCKY MOUNTAIN ELK FOUNDATION; STATE OF MONTANA; MONTANA FISH, WILDLIFE AND PARKS; and STATE OF UTAH,<br><br>        Defendant-Intervenors. | Lead Case<br>CV 24–86–M–DWM<br><br>Member Case<br>CV 24–87–M–DWM<br>CV 24–97–M–DWM<br><br><br>ORDER |

Defendant-Intervenor State of Utah moves for the admission of Jason L.

DeForest and Kathy A.F. Davis to practice before this Court in this case with Dana

1

Hupp to act as local counsel. Their applications appear to be in order. However, it is the practice of this Court to limit the number of counsel in order to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *cf. In re United States*, 791 F.3d 945, 957 (9th Cir. 2015) ("[A] court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts.") (internal citation omitted). A surfeit of counsel impedes this mandate by, *inter alia*, confusing points of contact for the opposing party. *Cf. United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996) ("[C]ounsel from other jurisdictions may be significantly more difficult to reach . . . than local counsel."). While the present motions are granted, no additional attorneys will be permitted to appear for the State of Utah.[1] Nothing in this limitation prevents counsel from using his or her firm resources and internal assignments to assure adequate representation for the client.

Accordingly, IT IS ORDERED that Utah's motions to admit Jason L. DeForest and Kathy A.F. Davis *pro hac vice* (Docs. 44, 45) are GRANTED on the condition that *pro hac* counsel shall do his or her own work. This means that *pro hac* counsel must do his or her own writing; sign his or her own pleadings,

---

[1] While Noah Hill of Worden Thane P.C. also appears on the caption of Utah's motion, he is not permitted to appear on the case as Utah is limited to four attorneys.

2

motions, and briefs; and appear and participate personally. Use of generative AI drafting programs, such as Chat GPT, is prohibited. Counsel shall take steps to register in the Court's electronic filing system ("CM-ECF"). Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.

IT IS FURTHER ORDERED that this Order is subject to withdrawal unless *pro hac* counsel, within fifteen (15) days of the date of this Order, files a notice acknowledging counsel's admission under the terms set forth above. In that notice, counsel shall also designate a single attorney with the authority to make any and all decisions related to the administration of this case as the primary point of contact for the opposing party.

DATED this 4th day of December, 2024.

Donald W. Molloy, District Judge
United States District Court